TIGER INVESTMENTS OF COLUMBUS, INC., D.B.A. PEPPERMINT TIGER, APPELLANT, *v.* OHIO LIQUOR CONTROL COMMISSION, APPELLEE.

(No. 81AP-1029—Decided November 30, 1982.)

*Mr. J. Boyd Binning,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. James M. Sterner,* for appellee.

MOYER, J. This matter is before us on appellant's appeal from a judgment of the Court of Common Pleas of Franklin County affirming an order of the Liquor Control Commission upholding the Director of the Department of Liquor Control's decision refusing to renew appellant's liquor permits.

The record reveals that, on January 15, 1981, the Director of the Department of Liquor Control rejected appellant's application to renew its liquor permits for the premises known as the Peppermint Tiger. At a subsequent hearing before the Department of Liquor Control, two police officers, who worked as off-duty security guards at the permit premises, testified concerning numerous fights, arrests, and other problems occurring at appellant's bar, particularly when appellant featured special promotions such as drink and drown nights. Copies and summaries of approximately five hundred thirty police reports, verifying the officers' testimony that police services were frequently requested at appellant's bar, were also introduced into evidence.

Appellant has raised the following four assignments of error in support of this appeal:

"I. The admission of police reports into evidence, by the Liquor Control Commission, is contrary to law as the admis-

sion of such records violates the rules set forth in the Ohio Rules of Evidence.

"II. The evidence presented against appellant is not supported by reliable, probative and substantial evidence which demonstrates by a preponderance that appellant committed violations and operated his business in such a manner as would justify the department's failure to renew his license on the basis of good cause. Such finding is contrary to law.

"III. The Department of Liquor Control did not have the authority to fail to renew appellant's license once the resolution, for non-renewal, by the City of Columbus had been dismissed. The failure of the Director to renew appellant's license is contrary to law.

"IV. The Department of Liquor Control did not have the authority to reject the renewal of appellant's license based upon good cause as this term is in violation of appellant's due process rights under the Fifth and Fourteenth Amendments of the United States Constitution as being vague and overly broad. Furthermore, the Director did not have the authority by statute, to reject appellant's license based upon the present circumstances. Such a decision and findings are contrary to law."

Appellant's argument supporting his first assignment of error has two branches: he claims that the police reports were not properly authenticated and that the reports constitute inadmissible hearsay.

Evid. R. 901(A) provides that documents are sufficiently authenticated if "evidence sufficient to support a finding that the matter in question is what its proponent claims" is introduced. As an illustration of the rule, Evid. R. 901(B)(7) provides that evidence that a "purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept" is sufficient to authenticate the report. The Columbus police officer who organized and compiled the police reports in question testified that the records were kept by the Columbus Police Department and that he had personally compiled and summarized the reports. This testimony was sufficient to satisfy Evid. R. 901 and to authenticate the documents.

Appellant further argues that the police reports constitute hearsay and were admitted in violation of Evid. R. 802. However, the reports were admitted not to prove the truth of the allegations they contained, but merely to prove that the police were called to appellant's premises on numerous occasions during the time period in question. Since the reports were not offered to prove the truth of their contents, they were not hearsay and were properly admitted. Appellant's first assignment of error is accordingly overruled.

Appellant claims, in his second assignment of error, that the department's order was not supported by reliable, probative and substantial evidence. The department's order stated that the rejection was based on:

"* * * [T]he unreasonable burden which the patrons of this permit business have placed on the local police during a 16 month period. From January 1979 through April, 1980, the police made 260 arrests as a result of 256 disturbance runs to the permit premises."

Appellant argues that only the years 1980 and 1981 should have been considered by the department. Yet, in determining whether "good cause" exists for its refusal to renew a permit, the department is permitted to consider the cumulative effect of continuing violations. *In re Appeal of Mendlowitz* (1967), 9 Ohio App. 2d 83 [38 O.O.2d 77]. The department had before it the testimony of three police officers concerning trouble at the bar; the testimony of the secretary of a community group which wished to voice its objections to a renewal of appellant's permit; the testimony of the assistant city safety director who knew of no other establishment within the city concerning

which he had received more complaints; the voluminous police reports from 1978, 1979 and part of 1980; and a record of six citations for violations of the Liquor Control Act from January 1979 to April 1980. This constitutes reliable, probative and substantial evidence supporting the department's decision. Appellant's second assignment of error is accordingly overruled.

Appellant argues, in support of his third assignment of error, that once the department dismissed the city's resolution requesting the department to reject appellant's application for renewal, the department was precluded from rejecting the application on its own initiative. Appellant's argument is without merit since the city's objection (made under R.C. 4303.271[B]), may only be based on the grounds listed in R.C. 4303.292(A). The department's rejection was expressly based on R.C. 4303.271(A) (good cause) and Ohio Adm. Code 4301:1-1-12(B) (substantial prejudice to public decency, sobriety, and good order). Since the city's objection and the department's rejection were based on entirely different grounds, the department's dismissal of the city's objections did not preclude the department from rejecting appellant's application. Appellant's third assignment of error is without merit and is overruled.

Appellant's fourth assignment of error asserts that the term "good cause" is vague and overly broad, and that the denial of appellant's application for renewal for "good cause" violated his due process rights under the Fifth and Fourteenth Amendments of the United States Constitution. Appellant's brief does not argue his constitutional claims. However, it is well-established that a statute which allows persons of ordinary intelligence to understand and determine the conduct required of them is not void for vagueness. *Broadrick* v. *Oklahoma* (1973), 413 U.S. 601. It is also well-established that "good cause" for denying a renewal application may be found where the permit premises adversely affect the surrounding environment by interfering with public decency, sobriety, and good order. *Mendlowitz, supra,* paragraph three of the syllabus. In light of this standard example of "good cause," R.C. 4303.271(A) is not void for vagueness nor is it overly broad in the constitutional sense of the word. Appellant's fourth assignment of error is not well-taken and is overruled.

For the foregoing reasons, the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

REILLY and MCCORMAC, JJ., concur.