LEO G. KEFFALAS, INC., Appellant,

v.

OHIO LIQUOR CONTROL COMMISSION, Appellee.

[Cite as *Leo G. Keffalas, Inc. v. Ohio Liquor Control Commission* (1991), 74 Ohio App.3d 650.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–110.

Decided June 25, 1991.

*John A. Connor II Co., L.P.A.,* and *John A. Connor II,* for appellant.

*Lee Fisher,* Attorney General, *Chester T. Lyman, Jr.* and *Kurt O. Gearhiser,* for appellee.

McCORMAC, Judge.

Appellant, Leo G. Keffalas, Inc., appeals the judgment of the Franklin County Court of Common Pleas rendered pursuant to R.C. 119.12, which affirmed the order of appellee, the Ohio Liquor Control Commission, denying renewal of appellant's liquor permit. Appellant's single assignment of error states:

"The lower court erred in holding that the decision of the Ohio Liquor Control Commission was supported by reliable, probative and substantial evidence and was in accordance with law in that the record fails to disclose 'good cause' such as to defeat appellant's statutory right to a renewal of its liquor permit."

Appellant has been the owner and operator of Maxwells Bar in Mansfield, Ohio, since 1972. Appellant filed a timely application to renew the liquor licenses for the 1988–1989 calendar year. The application was rejected by

appellee on the basis of objections made by the Mansfield City Council, pursuant to R.C. 4303.271(B). The resolution of the city council alleged, as grounds for rejection of the renewal application, that appellant operated his business in a manner that demonstrated disregard for the laws of this state contrary to R.C. 4303.292(A)(1)(b); and appellant's business was so located with respect to the neighborhood that substantial interference with public decency, sobriety, peace, and good order would result from renewal of appellant's licenses in violation of R.C. 4303.292(A)(2)(c).

■ Upon appeal to the commission and further appeal to the Franklin County Court of Common Pleas, appellant's denial was affirmed on the grounds that the rejection was supported by substantial, reliable, and probative evidence and was in accordance with law. See R.C. 4303.271(A); R.C. 119.12.

R.C. 4303.271(A) provides:

"Except as provided in divisions (B) and (D) of this section, the holder of a permit issued under sections 4303.02 to 4303.23 of the Revised Code, who files an application for the renewal of the same class of permit for the same premises, shall be entitled to the renewal of the permit. The department of liquor control shall renew the permit unless the department rejects for good cause any renewal application, subject to the right of the applicant to appeal the rejection to the liquor control commission."

Division (B) of R.C. 4303.271 deals with hearings by the Liquor Control Commission on objections made under R.C. 4303.292 by political subdivisions such as those made by Mansfield City Council. Only the reasons for refusal contained in R.C. 4303.292(A), which were specified in the resolution of objection, were relevant at the hearing before the commission. See R.C. 4303.271(B). Therefore, the discretionary provisions of R.C. 4303.292(A) were the basis for the commission's denial of appellant's renewal application, rather than a separate and more general finding of "good cause" under R.C. 4303.271(A). *Tiger Investments of Columbus, Inc. v. Ohio Liquor Control Comm.* (1982), 8 Ohio App.3d 316, at 318, 8 OBR 424, at 427, 457 N.E.2d 320, at 323. Our review under R.C. 119.12, therefore, is limited to determining whether the common pleas court abused its discretion in finding that there was reliable, probative, and substantial evidence in the record to support the order of the commission, which rejected appellee's renewal application on the basis of the objections made by the Mansfield City Council under the aforequoted R.C. 4303.292(A)(1)(b) and (A)(2)(c).

■ At the hearing before the Liquor Control Commission, Mansfield City Councilman Culver and Mansfield Police Lieutenant Messer testified in favor

of appellee. The focus of their testimony, and the reasons cited by the liquor department in its rejection orders, was the environmental conditions stemming from drug-related activity in the neighborhood surrounding Maxwells Bar. For the objections by the city council regarding the parking, traffic, noise, and drug activity in the permit area to support non-renewal of appellant's liquor licenses, it must be shown by appellee that the permit holder by his actions caused the complained-of environmental problems or has demonstrated a disregard for laws, regulations, or local ordinances. In *Quaranta v. Liquor Control Comm.* (1983), 17 Ohio App.3d 156, 17 OBR 287, 478 N.E.2d 825, the permit holder was not held responsible where there was no direct connection between the permit holder's actions and the subsequent actions of its patrons.

■ As to disregard of laws or regulations, Lieutenant Messer testified that he believed appellant demonstrated disregard for the drug laws of Ohio because it was common knowledge in Mansfield that drug activity occurred in and around Maxwells Bar. Also, it was alleged that appellant should have known that drug law violations were taking place within his permit area due to the number of arrests which occurred in his bar. Furthermore, the record revealed only one liquor violation, which occurred in March 1988, for which the commission suspended appellant's permit for three days or, in the alternative, allowed the permit holder to pay a forfeiture of $300. There was no evidence presented of police arrest of the owners or employees of Maxwells Bar.

As to the environmental factors which allegedly substantially interfered with public decency and order, Councilman Culver testified that he received numerous complaints from his constituents who lived both within and outside the ward concerning noise from cars parked outside Maxwells Bar on Bowman Street, as well as complaints about the number of automobile accidents occurring on Bowman Street in the vicinity of Maxwells Bar. Culver admitted, however, that he did not know how many accidents actually occurred outside Maxwells Bar. Culver further testified from his personal knowledge as a resident of Bowman Street (his home is located four doors from Maxwells Bar) concerning excessive noise and bad language from Maxwells Bar's patrons in the summer months.

Lieutenant Messer, a vice officer with the Mansfield police, assigned to drug and gambling laws enforcement, testified that he participated in Culver's drug investigations inside and around Maxwells Bar. In particular, Messer admitted participation in "operation impact" during which members of his police unit completed twenty-six undercover drug purchases, which resulted in sixteen indictments, between January 14, 1988 and April 15, 1988, at Maxwells Bar. Exhibit 5, a list of criminal defendants arrested as a result of "operation

impact," corroborates Messer's testimony. Other exhibits, however, reveal that of the sixteen indictments less than half of the drug buys by the Mansfield police occurred inside the bar itself. Others occurred, entirely or partially, outside the permit premises, such as on the front porch or on the front sidewalk and parking lot adjoining the building. Messer furthermore testified that Maxwells Bar has been the focus of police drug investigations for at least three years, and that the bar is surrounded by crack houses which were established subsequent to Maxwells Bar's arrival on Bowman Street. It is undisputed that neither the owners of Maxwells Bar nor their agents were involved in any of the drug activity taking place at Maxwells Bar. Messer admitted cooperation from Maxwells Bar owners during "operation impact."

Mrs. Keffalas, an owner of Maxwells Bar, testified that Maxwells Bar is, in fact, located in a high-crime area and that she was aware that the police investigated drug activities in the neighborhood. Furthermore, she was aware that one of her employees was married to a Mansfield policeman and that she operated as a police informant while working at the bar. Mrs. Keffalas maintained that she and her husband continually cooperated with the Mansfield police during their drug investigations, and that she personally reported to the Mansfield police any drug activity which she witnessed taking place inside Maxwells Bar. Nevertheless, Mrs. Keffalas specifically testified that she "can't stop what you can't see." Appellee maintained that the source of the drug problem was St. John's Park located behind Maxwells Bar, in which drug activity had taken place for years.

Although the drug problems seem to be prevalent in the entire neighborhood in which Maxwells Bar is located, appellant's testimony specifically related the drug problems to Maxwells Bar. Lieutenant Messer testified regarding numerous drug-related arrests occurring inside the bar. Thus, this case can be factually distinguished from *Quaranta, supra,* in which the objections of the city council were based on conduct which occurred wholly outside the permit premises with no direct connection to it. Furthermore, although appellant clearly cooperated with the Mansfield police during "operation impact," there was no evidence that appellant took any affirmative steps to prevent the bar from being a contributing factor to the drug-infested neighborhood. For example, in the past, appellant employed security guards to combat robberies and drug problems which emanated from the park located behind Maxwells Bar, but that practice had been discontinued, apparently after the problem had moved closer or into the bar.

Although there is not overwhelming evidence that appellant operated his business in a manner that demonstrated disregard for the drug laws, there was substantial evidence that Maxwells Bar was located in a high-crime area,

and that it, at least by inaction, was a contributing factor to the continuous drug activity on Bowman Street. See *In re Appeal of Mendlowitz* (1967), 9 Ohio App.2d 83, at 88, 38 O.O.2d 77, at 80, 222 N.E.2d 835, at 839, where the court noted that environmental conditions alone, if extreme enough, can constitute good cause to deny renewal of a permit. Neighborhood "infection" of which appellant's bar was a part, albeit unintentionally, justified closing the bar as a step to cleaning up the neighborhood. There was no abuse of discretion in denying renewal of appellant's permit.

Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG and PETREE, JJ., concur.