KAYLA, INC., Appellant,

v.

OHIO LIQUOR CONTROL COMMISSION, Appellee.

Court of Common Pleas of Ohio,
Lucas County.

Nos. CI95–0006, CI95–0617.

Decided Jan. 24, 1996.

*Mohamed Y. Shousher,* for appellant.

*Betty D. Montgomery,* Attorney General, and *David A. Raber,* Assistant Attorney General, for appellee.

JUDITH ANN LANZINGER, Judge.

## I

These two related cases are administrative appeals involving the liquor license of Kayla, Inc. (appellant) for an establishment[1] at 3410 Dorr Street near the University of Toledo in Lucas County, Ohio.

On December 15, 1994 after a *de novo* hearing, the Ohio Liquor Control Commission ("commission") sustained the director's August 22, 1994 decision to refuse renewal of Kayla's permit for 1994–1995. Appellant appealed the decision

---

1. The business was opened in January 1992, d.b.a., at various times, "Night Town," "Hot Rock Cafe," the "Zoo," and the "Cove."

by filing CI95–0006 and, on January 12, 1995, a conditional stay of the commission's order was granted pending resolution of the case. In the meantime, another administrative hearing was held on February 2, 1995 on Kayla, Inc.'s permit, which asserted three allegations of underage sales. After finding one violation, the commission revoked appellant's liquor license effective March 8, 1995. Appellant filed case No. CI95–0617,[2] appealing the revocation. On March 17, 1995, the stay issued in case No. CI95–0006 was dissolved after a hearing at which it was determined that four violations of the previous court order had occurred.

For both cases, appellant's notices of appeal were timely filed pursuant to R.C. 119.12, which provides in pertinent part:

"Any party adversely affected by any order of an agency * * * denying the issuance or renewal of a license * * * may appeal from the order of the agency to the court of common pleas of the county in which the place of business of the licensee is located or the county in which the licensee is a resident, provided that appeals from decisions of the liquor control commission may be to the court of common pleas of Franklin county * * *."

Initially, this court read the statute to mean that Franklin County had exclusive jurisdiction to handle liquor license appeals; however, upon reconsideration, it became clear that Franklin County supplements, rather than replaces, the county of residence as an appropriate jurisdiction. Therefore, the order of July 20, 1995, which dismissed these cases without prejudice subject to refiling in Franklin County, was vacated on August 17, 1995, and the matter was reinstated on the docket in Lucas County.

## II

An appeal from an administrative agency in Ohio is governed by R.C. 119.12, which states in pertinent part:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law."

---

2. Case No. CI95–0617, originally assigned to Judge William J. Skow, was transferred to this court as related to CI95–0006.

Thus, a court of common pleas is restricted to determining whether an administrative order is so supported. An order of the commission denying an application for a permit must be upheld when it is supported by reliable, probative, and substantial evidence. *Our Place, Inc. v. Ohio Liquor Control Comm.* (1992), 63 Ohio St.3d 570, 589 N.E.2d 1303. Weight and credibility are matters for the trier of fact:

"It is not the function of a reviewing court to weigh evidence, and assuredly it is not within the province of the reviewer to determine credibility when he has had no opportunity to see or hear the witness." *Buckeye Bar v. Ohio Liquor Control Comm.* (1972), 32 Ohio App.2d 89, 94, 61 O.O.2d 90, 93, 288 N.E.2d 318, 322.

The commission has the ability to pass upon appellant's permit with respect to both nonrenewal and revocation.

### Denial of Permit Renewal

R.C. 4303.271 provides that:

" * * * the holder of a permit * * * who files an application for the renewal of the same class of permit for the same premises, shall be entitled to the renewal of the permit. The department of liquor control shall renew the permit unless the department rejects for good cause any renewal application, subject to the right of the applicant to appeal the rejection to the liquor control commission."

### Revocation of Permit

R.C. 4301.25 provides:

"The liquor control commission may suspend *or revoke* any permit issued pursuant to Chapters 4301. and 4303. of the Revised Code for the violation of any of the applicable restrictions of such chapters *or of any lawful rule of the commission or for other sufficient cause* * * *." (Emphasis added.)

A permit holder, however, has a statutory right of renewal of his permit, and the burden is upon the Department of Liquor Control to prove "good cause" for nonrenewal (or revocation) by a preponderance of the evidence. *Buckeye Bar v. Ohio Liquor Control Comm., supra; In re Appeal of Mendlowitz* (1967), 9 Ohio App.2d 83, 38 O.O.2d 77, 222 N.E.2d 835. A liquor permit is not a vested property right, but a privilege to be enjoyed only so long as conditions and restrictions governing its continuance are complied with. *Salem v. Ohio Liquor Control Comm.* (1973), 34 Ohio St.2d 244, 245, 63 O.O.2d 387, 388, 298 N.E.2d 138, 139–140; *Solomon v. Ohio Liquor Control Comm.* (1965), 4 Ohio St.2d 31, 33 O.O.2d 339, 212 N.E.2d 595; *Stouffer Corp. v. Ohio Bd. of Liquor Control* (1956),

165 Ohio St. 96, 59 O.O. 100, 133 N.E.2d 325; *Frankenstein v. Leonard* (1938), 134 Ohio St. 251, 12 O.O. 54, 16 N.E.2d 424; *DDDJ, Inc. v. Ohio Liquor Control Comm.* (1990), 64 Ohio App.3d 828, 582 N.E.2d 1152; *Rickard v. Ohio Dept. of Liquor Control* (1986), 29 Ohio App.3d 133, 29 OBR 149, 504 N.E.2d 724.

■ The commission first refused to renew Kayla's permit on two statutory grounds [3] and stated:

1. The applicant has operated the liquor permit business in a manner that demonstrates a disregard for the laws, regulations, or local ordinances. R.C. 4303.292(A)(1)(b); and

2. The place for which the permit is sought is so located with respect to the neighborhood that substantial interference with public decency, sobriety, peace or good order would result from the renewal of the permit and operation thereunder by the applicant. R.C. 4303.292(A)(2)(c).

The later revocation of Kayla's permit came when the appellant was charged with three separate violations of the underage drinking laws. The state dismissed two violations and, after the hearing which took place on February 2, 1995, found one violation of R.C. 4301.69(B).[4] The commission therefore revoked appellant's liquor license effective March 8, 1995.

The appellant challenges both decisions as not being supported by reliable,

---

**3.** R.C. 4303.292 states in pertinent part:

"(A) The department of liquor control may refuse to issue, transfer the ownership of, or renew, and shall refuse to transfer the location of any retail permit issued under this chapter if it finds:

"(1) That the applicant, any partner, member, officer, director, or manager thereof, or any shareholder owning ten per cent or more of its capital stock:

"* * *

"(b) Has operated liquor permit businesses in a manner that demonstrates a disregard for the laws, regulations, or local ordinances of this state or any other state;

"* * *

"(2) That the place for which the permit is sought:

"* * *

"(c) Is so located with respect to the neighborhood that substantial interference with public decency, sobriety, peace or good order would result from the issuance, renewal, transfer of location, or transfer of ownership of the permit and operation thereunder by the applicant."

**4.** R.C. 4301.69(B) states, in pertinent part:

"No person who is the owner or occupant of any public or private place shall knowingly allow any underage person to remain in or on the place while possessing or consuming beer or intoxicating liquor, unless the intoxicating liquor or beer is given to the person possessing or consuming it by that person's parent, spouse who is not an underage person, or legal guardian and the parent, spouse who is not an underage person, or legal guardian is present at the time of the person's possession or consumption of the beer or intoxicating liquor."

probative, and substantial evidence and as contrary to law.[5]   Appellant relies upon *Quaranta v. Ohio Liquor Control Comm.* (1983), 17 Ohio App.3d 156, 17 OBR 287, 478 N.E.2d 825, to argue that the evidence does not show the proper "nexus" between the permit holder's actions and subsequent actions of patrons. *Quaranta,* an appellate case, reversed the commission's order refusing a liquor permit because, although the permit holder was charged with disregard for laws, regulations, or local ordinances under R.C. 4303.292(A)(1)(b), city council had objected to the permit based solely on conduct which occurred wholly outside, and unconnected with, the permit premises.

Ohio courts since then, however, have not hesitated to uphold a refusal of a liquor permit by the commission based on community concerns which occur through no fault of the permit holder.   See *Leo G. Keffalas, Inc. v. Ohio Liquor Control Comm.* (1991), 74 Ohio App.3d 650, 600 N.E.2d 275; *Ravenna Restaurant, Inc. v. Ohio Liquor Control Comm.* (Nov. 2, 1990), Portage App. No. 90–P–2173, unreported, 1990 WL 170688; *Meschugga Co. v. Ohio Liquor Control Comm.* (Feb. 14, 1990), Hamilton App. No. C–890031, unreported; and *Zan, Inc. v. Ohio Liquor Control Comm.* (June 14, 1979), Cuyahoga App. No. 39024, unreported.

*In re Appeal of Mendlowitz* (1967), 9 Ohio App.2d 83, at 88, 38 O.O.2d 77, at 80–81, 222 N.E.2d 835, at 839, shows that environmental conditions alone, if extreme enough, can constitute good cause to deny renewal of a permit.   Here, in its two orders, the commission found three separate types of violation of Kayla's permit.

At the hearing on the appeal from its decision on December 15, 1994, the commission listened to eleven witnesses and considered documentary exhibits presented by the agency.   Appellant presented one witness of its own.   The following individuals testified against the permit: Behad Bahmanpour, a maintenance supervisor at the University Circle Apartments; Vincent Mauro, a Vice–Metro Toledo police detective; Mary Farmer, resident manager of the University Circle Apartments; Robert Joseph, commercial property owner located across the street from the zoo; Marty Robbins, Vice–President of the University of Toledo; Joe Skonecki, Chief of Police at the University of Toledo; James Larsen, University of Toledo professor; David Wishhart, local bank manager; Andy Corbin, Wishhart's supervisor; Virginia Simpkins, lessee of commercial establishment nearby; and Diane Schreiner, a community resident.

---

5.   Appellant's brief was directed specifically to the December hearing that resulted in nonrenewal of the permit.   A separate brief was not directed by either party toward the subsequent permit revocation.

In responding to Robbins, who testified to the serious concern the university has toward underage drinking, the commission chairman noted the record of violations and escalation of penalties against Kayla, Inc. Chief Skonecki reported that many students stopped for drunk driving or because they were assaulted or robbed had been drinking at the bar. Representatives of the bank testified that on weekends there are beer bottles, debris, trash, and, occasionally, evidence of people getting sick in the bank lot. Wishhart personally observed instances of people parking at the bank and jumping over the guardrail to enter the bar. Cars have been towed from the bank's lot. The entire situation improved when the bar was temporarily shut down during its permit suspension. The other witnesses reiterated these points.

Five police reports were also introduced at the hearing which addressed three separate incidents occurring during 1994. Although appellant complains that Vincent Mauro appeared in his official capacity, when the city had no standing to object to the license renewal, and thus the reports cannot be entered into evidence, the court disagrees. The Tenth District Court of Appeals has found that such reports can be characterized as reliable, and not statutorily prohibited. *Tiger Investments of Columbus, Inc. v. Ohio Liquor Control Comm.* (1982), 8 Ohio App.3d 316, 8 OBR 424, 457 N.E.2d 320.

The evidence which a reviewing court must find under R.C. 119.12 has been defined as follows:

"(1) 'Reliable' evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) 'Probative' evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) 'Substantial' evidence is evidence with some weight; it must have importance and value." *Our Place, Inc. v. Ohio Liquor Control Comm.* (1992), 63 Ohio St.3d 570, 571, 589 N.E.2d 1303, 1305.

An independent review of the record reveals reliable, probative, and substantial evidence under R.C. 4303.292(A)(1)(b) sufficient for the commission to refuse renewal of appellant's permit. The commission's rejection of the permit under R.C. 4303.292(A)(2)(c) is also supported by reliable, probative, and substantial evidence. Furthermore, the record in CI95–0617 establishes a violation of R.C. 4301.69(B).[6]

---

6. The findings of the commission after both hearings have also been borne out by the subsequent difficulties at the location. The court issued a conditional stay of the commission's order in January 1995, allowing the establishment to continue operation with its liquor permit pending the appeal in CI95–0006. Barely three months later, on March 17, 1995, the stay was dissolved after a hearing at which it was determined that four violations of the court's order

After due consideration, and in accord with the duty imposed by statute, the court affirms the denial of the renewal of Kayla, Inc.'s liquor permit as well as the subsequent revocation of that permit.

## JUDGMENT ENTRY

It is ORDERED that the decisions of the Ohio Liquor Control Commission, being based upon reliable, probative and substantial evidence and in accordance with law, are AFFIRMED. This is a final appealable order, no just cause for delay.

*Decisions affirmed.*

---

had occurred. Such evidence, while it does not factor into the commission's decision to deny renewal of the liquor permit itself, lends credence to the findings made by the commission with respect to community problems at the site under R.C. 4303.292(A)(2)(c).