DECISION AND JUDGMENT ENTRY
This is an administrative appeal from a judgment of the Lucas County Court of Common Pleas, in which the court affirmed the decision of appellee, the Ohio Liquor Control Commission, to revoke the liquor permit of appellant, Ueshima, Inc. ("Ueshima"), dba En Japanese Steakhouse. For the reasons that follow, we affirm the judgment of the court of common pleas.
On appeal appellant sets forth the following as its sole assignment of error:
 "I. The Court of Common Pleas Abused its Discretion When it Affirmed the Commission's Revocation After Acknowledging that the Revocation was Based, in Part, Upon Two (2) Dismissed Cases."
On June 6, 1997, June 9, 1997 and June 11, 1997, agents from the Department of Public Safety conducted an undercover investigation into allegations of an illegal bookmaking operation at En Japanese Steakhouse in Sylvania, Ohio. During the course of the investigation, agents placed bets on various sporting events with Cheng L. Wee, appellant's sushi chef. On November 14, 1997, liquor enforcement agents entered En Japanese Steakhouse with a search warrant and confiscated paraphernalia used by Wee in his gambling operation.
As a result of the investigation, appellant was charged with four violations of O.A.C. 4301:1-1-53. The four charges were assigned case numbers 599-98, 600-98, 601-98 and 602-98. On June 4, 1997, a hearing was held before the Liquor Commission on all four cases, and written reports were submitted to support each of the charges against appellant. At the beginning of the hearing, counsel for appellant stated that a plea bargain had been reached. Pursuant to the plea, appellant stipulated to the written evidence in support of cases 599-98 and 600-98 in exchange for the dismissal of cases 601-98 and 602-98. Appellant's counsel then asked the commission to combine cases 599-98 and 600-98 "for penalty purposes."
On July 14, 1998, the commission filed four separate orders revoking appellant's liquor permit, effective August 4, 1998. Each of the orders referred to one of the original four cases. Appellant appealed the commission's decision to the common pleas court, pursuant to R.C.119.12. On January 19, 1999, the common pleas court filed a judgment entry in which it reversed the decisions in cases 601-98 and 602-98, after finding that those cases had been dismissed pursuant to the plea bargain. However, the court found that the commission's decisions in cases 599-98 and 600-98 were supported by reliable, probative and substantial evidence and were in accordance with the law. The court upheld the revocation of appellant's liquor license. A timely appeal was filed to this court.
Appellant asserts on appeal that the common pleas court abused its discretion by not reversing the revocation of its liquor license. In support thereof, appellant argues that the court did not consider either the "cumulative influence" of the original four cases, or whether the revocation was justified after the dismissal of cases 601-98 and 602-98.
On appeal from the decision of an administrative agency, the common pleas court may affirm the agency's order if it finds, based upon consideration of the entire record and such additional evidence admitted by the court, "that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 119.12. Thereafter, in reviewing the judgment of the court of common pleas, this court is limited to a determination of "whether the common pleas court abused its discretion in finding that there was reliable, probative, and substantial evidence in the record to support the order of the commission * * *." Leo G. Keffalas, Inc. v. Ohio Liquor Control Comm. (1991),74 Ohio App.3d 650, 652. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
O.A.C. 4301:1-1-53 ("Rule 53") provides, in relevant part:
 "(B) No person authorized to sell alcoholic beverages shall have, harbor, keep, exhibit, possess or employ or allow to be kept, exhibited or used in, upon or about the premises of the permit holder of any gambling device * * * which is or has been used for gambling offenses * * *."
As set forth above, appellant stipulated to the facts supporting the alleged violations in cases 599-98 and 600-98 as part of a plea bargain. On appeal, appellant does not challenge the commission's determination that violations occurred in cases 599-98 and 600-98. Appellant does, however, argue that the penalty imposed as a result of those two violations was too severe.
Pursuant to R.C. 4301.25 (A), "[t]he liquor control commission may suspend or revoke any permit * * * for the violation of any of the applicable restrictions of such chapters or of any lawful rule of the commission * * *." Accordingly, the commission had the power to suspend or revoke appellant's liquor permit, even if it found that only one violation had occurred. In addition, in an appeal to the court of common pleas, if the commission's determination is found to be supported by reliable, probative and substantial evidence, the common pleas court does not have the authority to modify the commission's penalty. See DeBlanco v. Ohio StateMedical Bd. (1992), 78 Ohio App.3d 194, 202 (The court of common pleas is precluded from modifying a penalty imposed by an administrative agency, so long as the penalty is authorized by law.)
This court has reviewed the entire record of proceedings before the trial court and, upon consideration thereof and the law, finds that the trial court did not abuse its discretion when it found that the commission's decisions in cases 599-98 and 600-98 were supported by reliable, probative and substantial evidence, and upheld the commission's revocation of appellant's liquor license in those two cases. Appellant's assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Court costs of these proceedings are assessed to appellant.
JUDGMENT AFFIRMED.
 _______________________________ Peter M. Handwork, P.J.
 _______________________________ Richard W. Knepper, J.
 _______________________________ Mark L. Pietrykowski, J.
CONCUR.