OPINION
{¶ 1} Appellant, Raymond Marciano, president of South Side Civics, Inc., appeals from a judgment of the Franklin County Court of Common Pleas affirming the order of appellee, Ohio Liquor Control Commission ("commission"), that affirmed an order of the Superintendent of the Ohio Division of Liquor Control ("division") denying appellant's 2000-2001 renewal application for a D-2-2X-3-3A liquor permit. Because the common pleas court did not abuse its discretion in finding the commission's decision to be supported by substantial, reliable and probative evidence and to be in accordance with law, we affirm.
 {¶ 2} Appellant filed an application with the division for the 2000-2001 renewal of the liquor permit for South Side Civics, a bar located in Youngstown, Ohio. By resolution adopted December 22, 1999, the council of the city of Youngstown ("city"), objected to renewal of appellant's liquor permit, citing after hours sales violations at the bar. By the same resolution, the city also directed the clerk of council to file copies of the resolution along with a hearing request with the division. Appellant eventually also filed an application with the division to transfer ownership of his stock in South Side Civics, Inc. and its liquor permit to Michael Johnson, who had managed the bar since February 1999.
 {¶ 3} At an evidentiary hearing held May 30, 2000 before the division, unrefuted evidence was presented that Michael Johnson had a conviction in June 1997 for possession of marijuana, a conviction in 1995 for assault, and a conviction in 1994 for possessing a weapon while intoxicated. Additional unrefuted evidence showed that while Johnson was managing South Side Civics, appellant had two citations for after hours sales, as well as a citation for illegal sales and selling alcoholic beverages while under suspension. Several witnesses testified concerning noise, fights, disturbances, and rowdy activity taking place outside the bar after closing hours, trash in the form of beer cans and broken bottles on nearby properties, and traffic problems and illegal parking attributed to the bar's patrons. Further evidence showed the Youngstown Police Department had nine calls for police services in 1999 emanating from activities on South Side Civic's premises.
 {¶ 4} In an order mailed December 20, 2000, the superintendent of the division denied and rejected renewal of appellant's liquor permit upon the following grounds:
 {¶ 5} "1. The applicant, any partner, member, officer, director, or manager thereof, or any shareholder owning ten percent or more of its capital stock has been convicted of a crime that relates to fitness to operate a liquor permit business in this State. R.C. §4303.292(A)(1)(a).
 {¶ 6} "2. The applicant has shown a disregard for the laws, regulations, or local ordinances of the State, and will operate the permit business in a manner that demonstrates a disregard for the laws, regulations, or local ordinances of the State. R.C. §4303.292(A)(1)(b).
 {¶ 7} "3. The place for which the permit is sought is so located with respect to the neighborhood that substantial interference with public decency, sobriety, peace, or good order would result from the issuance of the permit and operation thereunder by the applicant. R.C. § 4303.292(A)(2)(c)." (Dec. 20, 2000 Order.)
 {¶ 8} In a separate order that same day, the superintendent of the division denied and rejected appellant's application to transfer the corporation's stock and liquor permit to Johnson.
 {¶ 9} In January 2001, appellant appealed to the commission the superintendent's denial of the renewal application, and the matter subsequently was set for hearing. In a letter dated September 21, 2001, the city advised the commission it was withdrawing its previous objection because appellant was selling South Side Civics, Inc. and the liquor permit to Paul Schilling and David Schwartz, leaving Michael Johnson no longer involved in operating the bar; the city and its police department did not oppose the sale. In a letter filed October 15, 2001, appellant notified the commission that, in light of the city's withdrawing its objection, appellant was withdrawing his appeal pending before the commission. The commission construed appellant's letter as a motion to withdraw his appeal and it denied the motion, finding (1) the motion was untimely, and (2) the commission's authority to decide whether appellant's liquor permit should be renewed was not conditioned on the city's objections, or lack of objections, as the city was not a party to the commission proceedings.
 {¶ 10} A de novo hearing was held before the commission on October 18, 2001 to consider appellant's request for renewal of the liquor permit. Appellant did not appear at the hearing, presented no arguments, and submitted no evidence for admission. The commission admitted essentially the same evidence against appellant that had been admitted at the division's hearing. By order mailed October 19, 2001, the commission affirmed the division's decision rejecting appellant's renewal application.
 {¶ 11} Appellant timely appealed to the common pleas court, contending the commission's decision was not supported by substantial, reliable and probative evidence and is not in accordance with law. Finding the commission's order supported by substantial, reliable and probative evidence and in accordance with law, the common pleas court affirmed the commission's October 19, 2001 non-renewal order. Appellant appeals, assigning a single error:
 {¶ 12} "The Liquor Control Commission erred in denying the renewal and stock transfer applications for South Side Civics, Inc."
 {¶ 13} Initially, we note that appellant asserts the commission erred in denying his stock transfer application. Appellant's appeal to the commission, however, was based solely on the division's order denying and rejecting appellant's 2000-2001 renewal application for the liquor permit. Accordingly, any claimed error in the division's denial of appellant's stock transfer application is not properly before this court and will not be considered.
 {¶ 14} Under R.C. 119.12, when a common pleas court reviews an order of an administrative agency, the common pleas court must consider the entire record to determine whether the agency's order is supported by reliable, probative and substantial evidence and is in accordance with law. Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 110-111; see, also, Andrews v. Bd. of Liquor Control (1955), 164 Ohio St. 275,280.
 {¶ 15} The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence and the weight thereof.' " Lies v. Veterinary Med. Bd. (1981), 2 Ohio App.3d 204, 207, quoting Andrews at 280. In its review, the common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, but the findings of the agency are not conclusive. Univ. of Cincinnati v. Conrad, supra.
 {¶ 16} An appellate court's review of an administrative decision is more limited than that of a common pleas court. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621, rehearing denied,67 Ohio St.3d 1439. In Pons, the Ohio Supreme Court noted: "* * * While it is incumbent on the trial court to examine the evidence, this is not a function of the appellate court. The appellate court is to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. Absent an abuse of discretion on the part of the trial court, a court of appeals may not substitute its judgment for [that of an administrative agency] or trial court. Instead, the appellate court must affirm the trial court's judgment." Id. at 621.
 {¶ 17} An appellate court, however, has plenary review of purely legal questions. Steinfels v. Ohio Dept. of Commerce, Div. of Securities (1998), 129 Ohio App.3d 800, 803, appeal not allowed (1999),84 Ohio St.3d 1488; McGee v. Ohio State Bd. of Psychology (1993),82 Ohio App.3d 301, 305, citing Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339, paragraph one of the syllabus, rehearing denied, 63 Ohio St.3d 1459.
 {¶ 18} In his first argument, appellant contends that issues regarding the fitness of the owner or operator of the business were rendered moot when (1) the city withdrew its objections, and (2) Schilling and Schwartz agreed to buy South Side Civics, Inc.
 {¶ 19} According to R.C. 4303.271, a permit holder is entitled to renew its liquor permit unless good cause exists to reject the renewal application. Buckeye Bar, Inc. v. Liquor Control Comm. (1972),32 Ohio App.2d 89, 90. The grounds on which the division, and ultimately the commission, may deny a liquor permit renewal are set forth in R.C.4303.292. If any of the grounds the commission cited for rejecting the renewal application is supported by reliable, probative and substantial evidence, the commission's decision must be upheld. Maggiore v. Ohio Liquor Control Comm. (Mar. 29, 1996), Franklin App. No. 95APE06-713, citing Our Place, Inc. v. Ohio Liquor Control Comm. (1992),63 Ohio St.3d 570.
 {¶ 20} Because appellant appealed to the commission the division's denial of his renewal, the commission had the power to consider, hear and determine the appeal and to refuse to renew appellant's permit. R.C.4301.04(A) and (B). Pursuant to R.C. 4303.271(A), a liquor permit renewal can be denied for reasons independent of a legislative authority's objection to the renewal. See Sowders v. Ohio Liquor Control Comm. (Aug. 4, 2000), Montgomery App. No. 18173, appeal not allowed, 90 Ohio St.3d 1484
(determining the commission's authority to reject a renewal application is not dependent upon an objection by a legislative authority); Triplett Grille, Inc. v. Ohio Liquor Control Comm. (Dec. 12, 1996), Franklin App. No. 95APE06-712 (noting a permit renewal may be denied on a ground contained in R.C. 4303.292(A), despite lack of objection to the renewal). Because appellant's appeal was still pending before the commission, the commission had authority to decide whether grounds under R.C. 4303.292 were established to deny renewal of appellant's permit, regardless of the city's withdrawing its previous objection. The city's withdrawal of its objection did not render the matter moot.
 {¶ 21} Further, no evidence in the record supports appellant's argument that an issue regarding Johnson's fitness to own or operate the bar became moot when appellant allegedly decided to sell the bar and liquor permit to other individuals, allegedly leaving Johnson no longer involved in the bar's operations. First, the record does not show that any agreement of appellant to sell the bar's stock and liquor permit to Schilling and Schwartz, rather than Johnson, was offered or admitted into evidence for the commission's consideration. Second, the record before the commission does not include any application of appellant to transfer ownership of the bar's stock and liquor permit to Schilling and Schwartz.
 {¶ 22} According to the record, appellant undisputedly had authorized Johnson to manage South Side Civics since February 1999 while the liquor permit remained in appellant's name. Moreover, appellant's application to transfer the bar's stock and liquor permit to Johnson was still before the commission for its consideration. Based on that evidence, the commission appropriately considered Johnson's "fitness" as manager to operate the bar, including whether Johnson had been convicted of a crime that relates to his fitness to operate the bar, and whether Johnson's operation of the bar, authorized by appellant, showed a disregard for laws, regulations and ordinances. See R.C. 2303.292(A)(1)(a) and (b). The issue of Johnson's fitness was not moot.
 {¶ 23} Appellant next argues that the crimes for which Johnson was convicted did not preclude him from operating a liquor permit business pursuant to R.C. 4303.292(A)(1)(a) because the crimes were misdemeanors, not felonies. Contrary to appellant's suggestion, R.C. 4303.292(A)(1)(a) is not limited to felony convictions. R.C. 4303.292(A)(1)(a) allows denial of renewal of a liquor permit if a manager has been convicted of "a crime" that "relates to fitness to operate a liquor establishment."
 {¶ 24} The record before the commission demonstrates that at the time Johnson became manager of South Side Civics, he had three criminal convictions: a 1994 conviction for possessing a weapon while intoxicated, a 1995 conviction for assault, and a 1997 conviction for possession of marijuana. The record additionally reflects that during the time Johnson managed the bar, he had two convictions for after hours sale or consumption of liquor.
 {¶ 25} Although three of Johnson's convictions occurred before he became manager of South Side Civics, R.C. 4303.292(A)(1)(a) does not place time restrictions on convictions. Instead, it allows a renewal application to be denied if a manager has been convicted "at any time" and those convictions relate to his "fitness to operate a liquor establishment." Notably, the two criminal convictions Johnson had while he was the manager resulted in sanctions also being issued against appellant. In addition, appellant was sanctioned a third time for a liquor violation, illegal sales, while South Side Civics was under Johnson's management. Based on the foregoing evidence, the commission did not err in finding that Johnson's convictions negatively reflected on his fitness to operate a liquor establishment. The common pleas court did not abuse its discretion by affirming the commission's order rejecting the renewal application under R.C. 4303.292(A)(1)(a).
 {¶ 26} Although the commission's findings under R.C.4303.292(A)(1)(a) are sufficient to support rejection of appellant's application for a renewal permit, Maggiore, supra, sufficient evidence also supported rejection of the application under R.C. 4303.292(A)(1)(b). Specifically, unrefuted evidence shows that appellant, as the liquor permit holder, authorized Johnson to manage the bar on appellant's behalf. During that time, Johnson repeatedly engaged in or allowed activity on the bar's premises that resulted in criminal offenses for Johnson, as well as sanctions on appellant for at least three liquor violations. Based upon this evidence, the commission could find that appellant, by allowing Johnson to continue to operate the bar and subject appellant to repeated liquor violations, demonstrated substantial disregard for the law under R.C. 4303.292(A)(1)(b).
 {¶ 27} Finally, appellant contends the evidence before the commission did not establish that South Side Civic's location or manner of operation substantially interfered with public decency, sobriety, peace, or good order as R.C. 4303.292(A)(2)(c) requires to deny renewal of appellant's liquor permit. Appellant contends a causal link was not established between the bar's premises and neighborhood fights, disturbances, traffic problems, and litter; instead, appellant suggests other bars, clubs and restaurants in the area may have caused the nuisances. Appellant notes that of 1,400 calls for police services to South Avenue during 1999, only nine were for South Side Civics' location and, of these, only two resulted from Michael Johnson's actions relating to illegal sales.
 {¶ 28} The focus of R.C. 4303.292(A)(2)(c) is the location of the liquor permit business, not the person who operates the business. Maggiore, supra. See, also, 3M, Inc. v. Liquor Control Comm. (Jan. 25, 2001), Franklin App. No. 00AP-529 ("the adverse affects of the premises and its patrons on its surroundings and law enforcement are sufficient alone for rejection [of a renewal application], regardless of the inside operation"), and Buckeye Bar, supra (noting that a bar's and its patron's effect on the neighborhood are sufficient grounds for rejection of a renewal application regardless of the inside operation of the premises).
 {¶ 29} Several courts have rejected arguments similar to those appellant raises. See Leo G. Keffalas, Inc. v. Ohio Liquor Control Comm. (1991), 74 Ohio App.3d 650, 654-655, jurisdictional motion overruled,62 Ohio St.3d 1469 (finding the commission did not err when it failed to renew the liquor permit of a bar that was located in a high crime area and the bar, at least by inaction, was a contributing factor to drug activity); TBBTR, Inc. v. Liquor Control Comm. (Oct. 19, 1993), Franklin App. No. 93AP-158 ("[e]ven if other influences have asserted a negative effect on the area, outside of appellant's control, this can only underline the importance to the city and the commission of maintaining strict compliance with liquor control laws in the vicinity"); Davis v. Liquor Control Comm. (June 8, 1995), Franklin App. No. 94APE12-1779 (finding unpersuasive an argument that the permit holder's actions must be directly connected to the conduct of its patrons after leaving the bar); Maggiore, supra (determining the commission did not err in rejecting a renewal application based on R.C. 4303.292(A)(2)(c) where the permit business was located in a declining area, and trash problems and negative behavior, including fights, were linked to the permit business). Accordingly, the causation required for non-renewal based on R.C. 4303.292(A)(2)(c) need only establish some connection between the permit premises and adverse effects upon the surrounding area.
 {¶ 30} Here, substantial evidence was presented regarding the adverse impact of South Side Civics on its surrounding area. A city councilman testified he received numerous complaints from neighbors of South Side Civics about noise and rowdy activity taking place outside the bar after closing hours, and also received complaints about double parking on private property and disregard of private property by the bar's patrons. A neighbor who lives near South Side Civics testified that disturbances have taken place at the bar, noise at the bar spills onto the streets outside the bar after closing hours, beer cans are littered on nearby property, and the bar's patrons park illegally along the street, sometimes blocking the driveways of nearby residents. A city police officer testified nine calls for police services at the permit premises in 1999, including three liquor violations and two disturbances, required 440 minutes of police time.
 {¶ 31} The record before the commission amply supports a linkage between the presence of South Side Civics and adverse effects upon the surrounding area. Thus, reliable, probative and substantial evidence supports the commission's denial of appellant's application for renewal based on R.C. 4303.292(A)(2)(c).
 {¶ 32} Because the evidence reveals the common pleas court did not abuse its discretion in finding the commission's decision to be supported by substantial, reliable and probative evidence and to be in accordance with the law, we overrule appellant's single assignment of error and affirm the judgment of the common pleas court.
Judgment affirmed.
TYACK and LAZARUS, JJ., concur.