Arvay, d. b. a. Arvay's Recreation, Appellant, v. The State of Ohio, Board of Liquor Control, Appellee.*

(No. 5637—Decided October 4, 1957.)

*Mr. A. H. Devine,* for appellant.
*Mr. William Saxbe,* attorney general, and *Mr. S. Noel Melvin,* for appellee.

Hornbeck, J.  This is an appeal from an order of the Court of Common Pleas affirming an order of the Board of Liquor Control which had affirmed an order of the Department of Liquor Control refusing to reissue to appellant Class D-1 and D-2 permits expiring September 21, 1955.

The assignments are that the Court of Common Pleas erred in finding that the order of the Board of Liquor Control was supported by reliable, probative and substantial evidence and that the order of the court was not supported by sufficient evidence.

The charges were five in number:  That the applicant improperly answered Question 20 of her application for renewal of permits and failed to notify the department of the closing of the permit premises during the year 1955; that the applicant had received a thirty-day suspension pursuant to a citation of April 18, 1948, for Sunday sales at the permit premises; had received a thirty-day suspension of a citation of April 7, 1952, "whiskey on premises," and a ninety-day suspension for vio-

*Motion to certify the record overruled, March 12, 1958.  For opinion on motion to strike, see *Arvay* v. *Board of Liquor Control, ante,* 208.

lation of Regulation No. 55, "whiskey on premises"; and further "that if said application for transfer were granted, subject applicant would have an interest in said permit without being the holder of said permits of record."

The board did not give consideration to or pass upon the charges involving false answers in the application or failure of applicant to report closing of the premises. The board, however, did find that the refusal to reissue the permits was supported, inasmuch as it appeared by record proof that the three suspensions were established.

It is contended that the fact that, following the suspensions, applicant's permit was returned to her is tantamount to a finding that she was entitled to a renewal of permits. We cannot so find.

The violations of the rules, occurring as they did in different years, were considered as they occurred. This required separate and independent consideration. Suspension of permits may have been the appropriate penalty, and when this period of suspension had elapsed, permittee was entitled, as a matter of right, to the return of her permits. When the application for a renewal of the permits came to the director for consideration, a different question was presented. He then had the right and the duty to consider the cumulative effect of the violations found to have been established and to exercise his discretion in determining if applicant was a fit person to carry on the business authorized by the permits during the year 1956. The judgment of the Common Pleas Court was authorized under the facts and is in accordance with the law. It is affirmed.

*Judgment affirmed.*

PETREE, P. J., and MILLER, J., concur.

HORNBECK, J., of the Second Appellate District, sitting by designation in the Tenth Appellate District.