**DEPARTMENT OF LIQUOR CONTROL, Plaintiff-Appellee, v. MILENKOVICH, d. b. a. WINTON GRILL, Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 6042. Decided October 13, 1959.

Mark McElroy, Atty. Genl., John W. Leibold, Asst. Atty. Genl., for plaintiff-appellee.

Isadore Topper, R. Brooke Alloway, for defendant-appellant.

(Judges of the Eighth District sitting by assignment in the Tenth District.)

## OPINION

By SKEEL, J.

This appeal comes to this court on questions of law from a judgment entered by the Court of Common Pleas of Franklin County on the appeal by this appellant to that court from a finding of the Board of Liquor Control affirming the order of the Director refusing the appellant's application for a renewal of his D-2 and D-3 Liquor Permits.

The appellant has enjoyed the privilege of a D-2 and D-3 Liquor Permit in the operation of the "Winton Grill" located at 129 East Town Street in Columbus, Ohio, for a number of years. Before and during his operation of the Winton Grill, he held other licenses granted under the Liquor Control Act of Ohio.

The basis upon which the Director of Liquor Control refused to renew the appellant's licenses for the sale of alcoholic beverages on the premises was as shown by his order:

"The Department finds that the local authorities having the primary responsibility for the enforcement of **Chapters 4301.** and **4303. R. C.,** and for the maintenance of law and order in the community, object to the issuance of subject permits. The department finds that said objections are reasonable and well founded.

"In the exercise of its discretion as vested in it by §4301.10, Sub-Paragraph (A) (2) R. C., wherein the department is granted general authority to grant and refuse permits, the department finds that Frank L. Milenkovich is not a proper person to hold Class D-2 and 3 Permits in view of disorderly operations at subject premises and the permitting of said premises to be used as a refuge for lawless persons, and further in view of the numerous arrests and convictions growing out of incidents occurring on or about subject permit premises.

"The Department notes the following number of arrests and convictions in the Columbus Municipal Court, between January, 1956, and August, 1957, from incidents occurring on or about subject premises:

" 'Sixty-seven      —Convictions for intoxication
" 'Six      —Convictions for vagrancy
" 'Two      —Convictions for assault & battery
" 'One      —Conviction for aggravated assault
" 'One      —Conviction for resisting arrest
" 'One      —Conviction for discharging firearms' "

The Chief of Police of Columbus testified in part as follows:

"This particular place, from the records that have been made relative to this place show that it is one of the highest for arrests for intoxication and that the persons arrested therein have long records. Many of them have long records for intoxication and other criminal offenses, including felonies."

In addition to the fact that the Winton Grill was the site of many arrests for intoxication, the evidence introduced by the department was that the appellant and his employees were non-cooperative in helping law enforcing officers and that the place was generally dirty and littered with glass and spilled liquids.

The appellant claims the following errors:

"1. In affirming the decision and order of the Board of Liquor Control in the instant case;

"2. In holding that said order of the Board of Liquor Control was supported by reliable, substantial and probative evidence;

"3. In considering inadmissible and incompetent evidence in sustaining the decision and order of the Board of Liquor Control;

"4. Other errors apparent on the face of the record."

The appellant's contention that the admitting of the records of the Police Department concerning arrests made for intoxicated and disorderly persons found in the Winton Grill constituted prejudicial error is without legal foundation. The Director of Liquor Control is charged with regulating the liquor business and to see to it that those licensed to conduct such business live up to the standards required by the rules of the department legally adopted and the liquor act and in general, requiring licensees to support the maintenance of public decency, sobriety and good order in the conduct of such business.

The Director is not bound by the common law rules of evidence in carrying out his investigations either upon considering an application for a license or of one seeking a renewal. **Sec. 4303.271 R. C.**, provides that an applicant for a renewal for the same class of permit for the same premises shall be entitled to the renewal thereof and the department shall renew the permit unless the department rejects for good cause any such application. This part of §4303.271 **R. C.**, cannot be interpreted as giving a permit holder a right to renewals in all events. The Director has not only the right but the obligation to ascertain by every reasonable means available to him whether the permit holder has conducted his business according to the standards prescribed by the rules of the department. A valuable source of information as to the manner in which the permit holder conducts his business is to be found by examining the records of the Police Department upon which department rests the primary duty and who are directly concerned with enforcing the law in and about the premises of permittees.

The records received were made in the regular course of the operation of the Police Department and the Director had a clear right to the use of such information in passing on the appellant's right to a renewal of his licenses. It should be noted that the appellant testified that he had personal knowledge of a number of arrests being made of intoxicated persons in the Winton Grill during the permit year from August 1956 to August 1957, thus supporting the police records by his own testimony.

The other errors claimed by the appellant are not sustained by the record. A careful reading of the bill of exceptions shows that the refusal of the Director to renew the appellant's licenses was based on reasonable, probative and substantial evidence. In the case of **State, ex rel. v. Bryant, 159 Oh St 59,** the court said on **page 62:**

"It is apparent from the provisions of that section and the entire Liquor Control Act that the legislative policy of the state is to grant liquor permits for a comparatively short period of time, not to exceed one year, subject, in the meantime, to suspension, revocation or cancellation under certain circumstances named in the act. The purpose of providing such brief tenures is to give the Department of Liquor Control continuing authority to consider the renewal or cancellation of such a permit in the light of business operation under the permit by its holder, and in light of ever changing circumstances relating to the propriety of such renewal or cancellation."

We must conclude that the affirmance of the orders of the Director and Board of Liquor Control denying the appellant a renewal of his D-2 and D-3 Permits by the Court of Common Pleas was clearly justified on the record. Judgment is therefore affirmed.

HURD, PJ, KOVACHY, J, concur.