IN RE APPEAL OF MENDLOWITZ, D. B. A. DUTCH CAFE, APPELLANT.

[Cite as In re Appeal of Mendlowitz, 9 Ohio App. 2d 83.]

84

(No. 8000—Decided January 10, 1967.)

*Messrs. Topper & Alloway,* for appellant permit holder.
*Mr. William B. Saxbe,* attorney general, and *Mr. James E. Rattan,* for appellee Liquor Control Commission.

DUFFEY, J.   This is an appeal from an order of the Common Pleas Court of Franklin County affirming a refusal to renew appellant's liquor permits.

Appellant has held D-1, D-2, D-3 and D-3A permits for over

15 years. He properly filed his application to renew his permits for the period from October 31, 1963, to October 30, 1964. The Department of Liquor Control denied the renewal application. Upon appeal to the commission, his denial was affirmed on the ground that appellant was not a proper person as demonstrated by his record of violations of the Liquor Control Act, and further because of objections by local authorities based upon "reasonable and well-founded grounds."

The parties stipulated that over the 15 some years appellant had four findings of violations as follows: (1) October 20, 1954—Violation of Section 4301.22, Revised Code—20-day suspension. (2) June 18, 1958—Sale to Minor—7-day suspension. (3) December 1, 1961—Sale to Minor—no penalty. (4) April 24, 1962—Sale to Minor—7-day suspension.

Appellant was granted a renewal of his permits by the department in October 1962 for the period expiring October 30, 1963.

The department called two Columbus police officers, and on behalf of the city police they objected because of "the past record of operation" of the business and because of the "burden" that the business operation placed on the police.

Neither department witness had any personal knowledge of the operation of appellant's business. However, four exhibits were introduced containing information concerning alleged arrests of persons on or about the permit premises. Referring to these exhibits, counsel for the department stated at the commission hearing:

"They are not offered to show dereliction on the part of the permit holder, but to show the burden on the police department for the issuance of the permit to this type of an establishment."

Exhibits "B," "C" and "D" relate to alleged arrests or police dispatches between December 1962 and November 1963. The exhibits were identified as extracts or summaries prepared by the vice squad's secretary, Mrs. Faulkner, from information found in other records. Mrs. Faulkner did not testify. Some of the records used in compiling the extract were kept by the vice squad and some were kept in the police record bureau. The latter records were not under the testifying officer's supervision and control.

Exhibit "E" relates to alleged arrests occurring on or

about the premises between June 1957 and February 1961. The testimony establishes these to be carbon copies of arrest records as prepared by the arresting officer himself when he filled out the top copy. They were kept under the supervision and control of the witness.

Section 4303.271, Revised Code, was enacted after the decision of the Supreme Court in *State, ex rel. Jones,* v. *Bryant, Dir.* (1953), 159 Ohio St. 59. It provides in part:

"The holder of a permit issued under Sections 4303.02 to 4303.23, inclusive, of the Revised Code, who files an application for the renewal of the same class of permit for the same premises, shall be entitled to the renewal thereof and the Department of Liquor Control shall renew the permit unless the department rejects for good cause any such application, subject to the right of the applicant to appeal such rejection to the Board of Liquor Control."

That statute should be contrasted with the provision found in Regulation 12, Section II, which provides that the "Department shall presume, in the absence of affirmative evidence to the contrary, that the renewal of permits * * * will not prejudice the maintenance of public decency, sobriety, and good order." The statute was enacted more than three years after the adoption of that portion of Regulation 12.

The Legislature has clearly created a statutory right to renewal unless the director shows "good cause." The burden is upon the department to prove "good cause" by a preponderance of the evidence. Section 4303.271, Revised Code, and Regulation 65, Sections III, IV and V.

Personal dereliction or fault by the permit holder would obviously constitute "good cause" to reject a renewal. The burden is not to prove a specific act of misconduct as such, but rather to show a general unfitness to continue to engage in the liquor business. It is, therefore, entirely appropriate to admit evidence of violations of the criminal law or of the Liquor Control Act and Regulations. As was pointed out in *Arvay* v. *State of Ohio, Board of Liquor Control* (1957), 104 Ohio App. 385, the commission may consider the cumulative effect of prior established violations in determining if the applicant is a fit person.

However, the issue is not whether at some time in the past the permit holder was derelict in his operations and a rejection might then have been justified. The issue is whether at the time of application and rejection he or his operations are such as to justify rejection and depriving him of his existing business. In that regard, *Arvay* must be distinguished on its facts.

In *Arvay*, this court upheld the rejection of a renewal upon a showing of three violations. The application was for the period of September 1955 to September 1956. The violations were April 18, 1948; April 7, 1952; and December 2, 1954. (The latter date does not appear in the published report.) Thus, *Arvay* is a case in which past acts were combined with recent misconduct to show a course or pattern of conduct which had continued up to and included the current license period.

In the present case, the last violation was more than a year before the application, and there had been an intervening renewal. Further, the violations in this case are of the type which may be proved without necessarily involving any knowledge or even negligence by the permit holder. There is no evidence on the circumstances surrounding the violations. In one instance no penalty was imposed. In two cases the penalty was only seven days.

Prior to the enactment of Section 4303.271, Revised Code, the department was required to act upon each renewal within a short period of time, and careful review was almost impossible. Compare *State, ex rel. Jones,* v. *Bryant, Dir.* (1953), 159 Ohio St. 59. Under the present statute, the license no longer expires, and the department has no specific time requirement in passing upon the application. In reviewing each annual renewal, the director or his successor should not be in a position to overrule previous renewals without showing some intervening cause or at least showing grounds of which the department was unaware at the time of the previous renewal. Having granted a renewal, the department cannot use prior misconduct as a "Sword of Damocles" over the permit holder and his investment.

In view of the lack of any recent violation, it is our opinion that the violations proved here are too remote in time and too ambiguous in kind to support a finding that appellant was unfit to continue the operation of his business.

The second ground of rejection is the objection of local police. Counsel for the state contends that regardless of personal fitness or satisfactory business operations, rejection can be based upon proof of environmental conditions detrimental to public decency, sobriety, and good order. It is further argued that the proof here shows that appellant was in an "infection" area and that alone justifies rejection.

While Regulation 12 antedates the enactment of Section 4303.271, Revised Code, nothing in the statute suggests an intent to restrict previous grounds for rejection of renewal applications. The provisions of Regulation 12 permit consideration of "environmental factors." We, therefore, accept appellee's argument that environmental conditions alone may, where those conditions are extreme enough, constitute "good cause" within the statute.

In the present case, there is no suggestion that the premises are unsuitable for this type of business. Nothing indicates that the characteristics of the neighborhood or factors of public safety are or will be adversely affected by the continued operation of the business. The evidence as to the environmental conditions is that found in exhibits "B," "C," "D" and "E." The first question therefore is the admissibility of those exhibits.

A hearing before the commission is not merely a review of the director's action, but is a hearing at which the evidentiary basis for decision must be produced. Regulation 65, Section IV, provides in part:

"In all hearings before the board and the determination thereon, the production of evidence shall be governed in general by the rules of evidence and burden of proof required by Ohio courts in civil cases. * * *"

Exhibits "B," "C" and "D" are not original records, but extracts. They are not records of an act or event, which were made in the regular course of business, nor made at or near the time of the act or event. Section 2317.40, Revised Code. The person testifying was not the person who prepared the extracts, and not even all the original records used in compiling the exhibits were under his supervision or control. The exhibits were both secondary records and partial in content. They

were not the best evidence, and no foundation was laid for their admission. Accordingly, we find that they were not probative evidence.

Appellee suggests that the admission of these exhibits is justified under *Milenkovich v. Dept. of Liquor Control* (1959), 110 Ohio App. 121. In that case the court approved of the use of police records as relevant evidence bearing upon the manner in which a business is being conducted. We agree with that holding. However, nothing in the opinion in that case suggests that the records offered and admitted there failed to qualify for admission under the general rules of evidence. Further, we note that the witness in that case also testified from personal knowledge, while in the present case neither witness had personal knowledge.

In *Milenkovich* the court stated "the director is not bound by the common-law rules of evidence in carrying out his investigations" upon considering an application for either a permit or a renewal. Taken literally, the statement of the court is entirely correct. The director engages in a purely ex parte investigation for his personal use in making an administrative determination. He is entitled to consult whom and what he pleases. We do not think that the statement of the court was intended to suggest that the commission did not have to comply with the provisions of Regulation 65. Insofar as the *Milenkovich case* may be interpreted to relieve the commission of the obligation to proceed generally in accordance with the rules of evidence, we disapprove of it.

On the other hand, we see no valid objection to the admission of exhibit "E." However, in addition to relating to a period some two and one-half years prior, exhibit "E" does not show whether the actions of the police officers resulted in any convictions or even in the filing of an affidavit. The arrests listed as occurring outside the premises were not identified as to source, *i. e.,* whether the person had been a patron of the permit holder, or the patron of another establishment, or neither. We further note that the police department made no objection to the renewal of appellant's permits in 1962.

In *Milenkovich*, the department proved 78 convictions in the Municipal Court; that the permit holder and his employees

were nonco-operative in helping police; and that the place was generally dirty and littered with glass and spilled liquids. In contrast, the probative evidence here which was entitled to be admitted shows only numerous arrests in and about an inner-city neighborhood containing a number of permit locations.

In our opinion, the evidence is insufficient to show that in October 1963 the location and area of appellant's business contributed so adversely to public decency, sobriety, and good order, that in and of itself, and without regard to the manner of appellant's operations, there was "good cause" to refuse a renewal.

This court having found insufficient evidence to establish "good cause" either as to personal fitness or the environment of the business location, the judgment must be reversed.

The judgment of the Common Pleas Court will be reversed.

*Judgment reversed.*

DUFFY, J., concurs.

BRYANT, P. J., dissenting. I am of the opinion that the judgment of the Franklin County Common Pleas Court should be affirmed and as a result must respectfully dissent from the majority decision.

I attach considerable significance to the four convictions for illegal sale of intoxicating liquor to minors, especially when coupled with testimony of the nature and kind offered by the Columbus Police Department.

My opinion as to the weight and admissibility of the evidence coincides with the written opinion of the court below. For these reasons I would affirm the judgment of the court below.