SEXTON, D. B. A. FRANKS BAR, APPELLANT, *v.* LIQUOR
CONTROL COMMISSION ET AL., APPELLEES.

(No. A-216807—Decided August 6, 1968.)

Common Pleas Court of Hamilton County.

*Messrs. Freiden, Hoy & Barstow* and *Mr. Eugene C. Barstow*, for appellant.
*Mr. James E. Rattan*, for appellees.

WOOD, J. The decision of the liquor board reads as follows:

"This matter having been carefully considered by the Department of Liquor Control upon the application, report of investigation and allied documents, the application is refused and rejected upon the basis of the department's findings hereinafter set forth * * *."

This question has come before this court on appeal of the permit holders, and the appeal is based mainly on the decision of *In re Appeal of Mendlowitz*, 9 Ohio

App. 2d 83. This case holds in the opinion of the court that the Department of Liquor Control must show "good cause," and the burden is upon the department to prove "good cause" by a preponderance of the evidence. In addition, the Court of Appeals stated further that:

"* * * the issue is not whether at some time in the past the permit holder was derelict in his operations and a rejection might then have been justified. The issue is whether at the time of application and rejection he or his operations are such as to justify rejection and depriving him of his existing business."

Thus, while the admission of a conviction is admissible, that in and of itself is not sufficient to show good cause. The Department of Liquor Control must also show by a preponderance of the evidence that there was sufficient environmental change to warrant the suspension of the license.

This court is well aware that in this area there have been environmental changes. However, the court is bound by the record presented to it from the Department of Liquor Control. Nowhere in this record does it recite any testimony or evidence of environmental changes in this area.

In light of the *Mendlowitz case* and the absence of any statement of environmental changes in the record, the court feels incumbent to reverse the decision of the Department of Liquor Control.

*Decision reversed.*