This is an administrative appeal pursuant to R.C. 119.12 from an order of appellee, the Liquor Control Commission, affirming the order of the Division of Liquor Control denying the renewal of the C1-2 permit of appellant, 3M, Inc., for 1997-98 and 1998-99.
The city of Akron objected to the renewal of these permits for the two years in question. After an evidentiary hearing, the Division of Liquor Control issued an order rejecting renewal of the permits. Appellant appealed to the Liquor Control Commission and requested and received a stay of the division's order. After a hearing based upon evidence stipulated from the hearing before the division, the commission issued an order affirming the denial of the renewals.
Appellant appealed the commission's order to the Franklin County Court of Common Pleas which affirmed the order of the Liquor Control Commission. The court held that, while there was no evidence that the permit holder had operated the business without regard to law and that he was not directly responsible for the problems in the neighborhood, the neighborhood had been adversely affected by the permit holder's presence.
Appellant appeals to this court asserting the following assignment of error:
 THE ORDER OF THE LIQUOR CONTROL COMMISSION WAS NOT SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE AND WAS NOT IN ACCORDANCE WITH LAW.
The issue before us is whether the court of common pleas abused its discretion in affirming an order of the Liquor Control Commission as being supported by reliable, probative and substantial evidence. An abuse of discretion is not merely an error of judgment, but also implies that the court's attitude is unreasonable, arbitrary or unconscionable.Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87.
Reliable, probative and substantial evidence, as required by R.C. 119.12
for affirmance, has been defined as follows:
 * * * (1) "Reliable" evidence is dependable; that is, it can competently be trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value. [Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570, 571.]
The evidence presented by the city of Akron was reliable, probative and substantial in establishing the following facts: (1) the establishment of appellant is located in one of the worst, if not the worst, neighborhood in Akron so far as crime, prostitution and criminal misconduct is concerned; (2) a substantial part of the adverse activity is as a result of alcohol consumption, much of which was purchased in appellant's establishment; (3) the police receive complaints from residents on a daily basis about intoxicated persons sleeping in yards, harassing residents near the premises, littering, loitering, engaging in open container consumption of alcohol, as well as various related crimes; (4) the police make almost daily runs to the neighborhood; (5) there is substantial trash and littering on nearby properties, an adjacent church is disrupted by drunks wondering into the church seeking money for alcohol and panhandling, as well as urinating and defecating on church property; and (6) many residents or church parishioners are afraid to attend church because of fear of persons who have used alcohol purchased from appellant.
In short, there is unified and consistent testimony from representatives of the neighboring church, a neighboring Christian school, the area business commission, police, and a city councilman of problems causing havoc to a neighborhood, at least in part, because of alcohol consumed from purchases made at appellant's establishment.
On the other side of the coin, the testimony is that appellant is trying to run an establishment that complies with law and, in fact, only once has the permit establishment been cited for a liquor violation, which was in 1995 for sale to an underage person. The substance of appellant's testimony is that what happens outside their establishment is beyond their control and, if the alcohol were not coming from their establishment, it would come from another establishment in the immediate area.
The issue is whether the evidence of the establishment having an adverse effect in an already bad neighborhood is sufficient to enable the Division of Liquor Control to reject an application for renewal of its permits when the permit holder has operated in a virtually violation-free manner.
In Ohio, a liquor license is not a property right but, instead, is a mere permission to engage in the liquor business subject to suspension, revocation or rejection of the annual renewal. Abraham v. Fioramonte
(1952), 158 Ohio St. 213. A liquor license does not constitute a contract right nor is engaging in the alcohol traffic a protected constitutional right. Solomon v. Liquor Control Comm. (1965), 4 Ohio St.2d 31. The Ohio legislature has mandated that a liquor license existence is limited to a one-year period. See R.C. 4303.27. The purpose of providing such brief tenure is to give the Department of Liquor Control continuing authority to consider the renewal or cancellation of the permit in light of the operation by its holder and in light of ever-changing circumstances relating to the propriety of the renewal or cancellation. State ex rel.Jones v. Bryant (1953), 159 Ohio St. 59, 62.
R.C. 4303.271 provides that a license is entitled to renewal unless the division rejects it for "good cause." Good cause rejection is not restricted to a clearly identifiable incident but, instead, the division may examine the cumulative effects of adverse environmental conditions, objections to renewal, the impact on police enforcement, and other relevant circumstances. From the totality of circumstances, the department may determine whether there is "good cause" for rejection of the renewal. Grounds constituting "good cause" are found in R.C. 4303.292, which provides, in pertinent part:
 (A) The division of liquor control may refuse to * * * renew * * * any retail permit issued under this chapter if it finds:
* * *
(2) That the place for which the permit is sought:
* * *
 (c) Is so located with respect to the neighborhood that substantial interference with public decency, sobriety, peace, or good order would result from the issuance, renewal * * * of the permit and operation thereunder by the applicant.
In conjunction with this relevant provision for liquor license renewals is Ohio Adm. Code 4301:1-1-12(B), which provides:
 (B) In determining whether to * * * renew a permit, the division shall consider environmental factors affecting the maintenance of public decency, sobriety, and good order * * *.
In accordance with these provisions, courts have held that the adverse affects of the premises and its patrons on its surroundings and law enforcement are sufficient alone for rejection, regardless of the inside operation. For example, in Buckeye Bar v. Liquor Control Comm. (1972),32 Ohio App.2d 89, 92, quoting In re Appeal of Mendlowitz (1967),9 Ohio App.2d 83, paragraph three of the syllabus, the court held as follows:
 "Environmental conditions relating to public decency, sobriety, and good order may, where those conditions are extreme enough, constitute `good cause' to reject a renewal application * * * regardless of the permit holder's personal fitness or satisfactory business operations."
In Maggiore v. Ohio Liquor Control Comm. (Mar. 29, 1996), Franklin App. No. 95APE06-713, unreported, we noted that the neighborhood of the permit holder was not one of the worst in town but was on the decline. In upholding the liquor renewal rejection, we stated as follows:
 In a neighborhood that is declining and is combating such decline, public drinking and negative behavior linked to liquor such as congregating to drink and routine incidents of public urination can properly be viewed as substantially interfering with the public decency, sobriety, peace, and good order. * * *
Applying the above law, we find that the court of common pleas did not abuse its discretion in finding that there was reliable, probative and substantial evidence that the permit establishment of appellant was located with respect to the neighborhood that substantial interference with public decency, sobriety, peace or good order would result from the order of the renewal of the permits and operation thereunder by the applicant.
Appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE and DESHLER, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.