NASSAR, Appellant,

v.

**OHIO LIQUOR CONTROL COMMISSION, Appellee.**

[Cite as *Nassar v. Ohio Liquor Control Comm.*, 163 Ohio App.3d 234, 2005-Ohio-4638.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 04AP–1329.

Decided Sept. 6, 2005.

Blaugrund, Herbert & Martin, Inc., and Marc E. Myers, for appellant.

Jim Petro, Attorney General, and James M. Guthrie, Assistant Attorney General, for appellee.

KLATT, Judge.

{¶ 1} Appellant, Rose D. Nassar, appeals from a judgment of the Franklin County Court of Common Pleas affirming an order of appellee, Ohio Liquor Control Commission, denying her application to transfer ownership of a liquor permit. For the following reasons, we affirm that judgment.

{¶ 2} Appellant and her husband, Osama Nassar, own and operate a mini-mart store located at 100 Pershing Avenue in Hamilton, Ohio. They purchased the store from Henry and Dianne Sparks in April 2001 and thereafter sold liquor under the Sparkses' liquor permit pursuant to a management agreement. The Sparkses hold a C–1–2, D–6 liquor permit for the store that authorizes the store to sell carry-out beer and wine on weekdays and on Sundays. Shortly after the purchase, appellant filed an application with the Division of Liquor Control ("division") to transfer the ownership of the Sparkses' liquor permit to her. The city of Hamilton objected to the transfer and requested a hearing before the division. The city claimed that appellant operated the store in a manner that demonstrates a disregard for the laws, regulations, and ordinances of the city. Therefore, the city contended that the transfer of ownership of the permit and operation of the premises by appellant would substantially interfere with public decency, sobriety, peace, or good order.

{¶ 3} On November 7, 2001, the division held a hearing to address the city's objections to appellant's application. The city presented testimony from a city councilman, police officers, and neighbors of the store who described problems on the store's premises that began when the Nassars purchased the store, such as loitering, drug use, public urination, and trash. Appellant and her husband testified about their attempts to deal with these problems. After the hearing, the division's superintendent rejected appellant's application on three grounds: (1) pursuant to R.C. 4303.292(A)(2)(c), the place for which the permit was sought is so located with respect to the neighborhood that substantial interference with public decency, sobriety, peace, or good order would result from the transfer of

ownership of the permits and operation of the premises by appellant, (2) pursuant to R.C. 4303.292(A)(1)(b), appellant operated the business in a manner that demonstrates a disregard for the laws, regulations, or local ordinances of the state, and (3) pursuant to R.C. 4303.292(A)(1)(a),. appellant and her husband, the manager and operator of the proposed business, both had been convicted of crimes that relate to their fitness to operate a liquor establishment.

{¶ 4} Appellant appealed the division's decision to the commission. After a brief hearing, the commission affirmed the division's rejection of her application. Appellant appealed that decision to the Franklin County Court of Common Pleas, which affirmed the commission's decision. That court found reliable, probative, and substantial evidence to support the rejection of appellant's application based upon R.C. 4303.292(A)(2)(c) and determined that the decision was in accordance with law. The court did not address either of the other grounds relied upon by the division.

{¶ 5} Appellant appeals to this court and assigns the following error:

The court of common pleas erred when it found that the order of the Liquor Control Commission rejecting appellant's application for transfer of ownership of the liquor permit to her was supported by reliable, probative, and substantial evidence and in accordance with law.

{¶ 6} In an administrative appeal pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with the law. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 482 N.E.2d 1248. In applying this standard, the court must "give due deference to the administrative resolution of evidentiary conflicts." *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111, 17 O.O.3d 65, 407 N.E.2d 1265.

{¶ 7} Reliable, probative, and substantial evidence has been defined as follows:

(1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.

*Our Place, Inc. v. Ohio Liquor Control Comm.* (1992), 63 Ohio St.3d 570, 571, 589 N.E.2d 1303.

{¶ 8} On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. *Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn.* (1992), 63 Ohio St.3d 705, 707, 590 N.E.2d 1240. In reviewing

the court of common pleas' determination that the commission's order was supported by reliable, probative, and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion. *Roy v. Ohio State Med. Bd.* (1992), 80 Ohio App.3d 675, 680, 610 N.E.2d 562. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. However, on the question of whether the commission's order was in accordance with the law, this court's review is plenary. *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 343, 587 N.E.2d 835.

{¶ 9} In her assignment of error, appellant claims that the common pleas court abused its discretion when it determined that reliable, probative, and substantial evidence supported the division's application of R.C. 4303.292(A)(2)(c) to deny appellant's application for a transfer of ownership of the Sparkses' liquor permit.[1] We disagree.

{¶ 10} R.C. 4303.292 sets forth grounds upon which the division may rely to refuse to transfer ownership of a liquor permit. Specifically, R.C. 4303.292(A)(2)(c) allows the division to refuse to transfer ownership of a liquor permit if the place for which the permit is sought "[i]s so located with respect to the neighborhood that substantial interference with public decency, sobriety, peace, or good order would result from the * * * transfer of ownership of the permit and operation under it by the applicant." The focus of this statute is the location of the liquor permit business, not the person who operates the business. *Marciano v. Ohio Liquor Control Comm.*, Franklin App. No. 02AP–943, 2003-Ohio-2023, 2003 WL 1908247, at ¶ 28. A connection must be established between the permit premises and the adverse effects upon the surrounding area. Id. at ¶ 29.

{¶ 11} In the present case, substantial testimony was presented regarding the adverse impact of appellant's store on the neighborhood. Appellant's store is located in a high-crime area. A Hamilton City Council member testified that he received no calls or complaints about the appellant's store when it was run by the Sparkses. However, shortly after appellant and her husband purchased the store, they started to receive a number of complaints about the store. These complaints involved loitering, drug dealing, underage drinking, public urination, littering, and open containers of alcohol. There were also complaints of gunshots.

---

1. Appellant does not contest the common pleas court's determination that the commission's decision was in accordance with law, nor does she address either of the other grounds relied on by the division.

Two neighbors in the area of the store testified that the problems with loitering and crime began only after the Sparkses sold the store to appellant and her husband. They also testified that they were afraid to walk near appellant's store due to the large number of people gathering on the store's property.

{¶ 12} Officer Robert Horton, of the Hamilton Police Department, testified about numerous complaints the police department has received since appellant and her husband purchased the premises. The complaints concerned large groups of people loitering around the area, drug dealing, littering, and underage drinking near the premises. Specifically, the officer testified that his office received 21 calls about the store in the two years before appellant and her husband took over the store. His office received 72 calls about the store in the six months after appellant and her husband purchased the store. Most of these calls concerned drug sales, violent crimes, gunshots, and fights. Thirty-six arrests were made as a result of these calls. The officer wrote the Nassars a letter with suggestions on how to improve the store's problems. One of the causes of the loitering problem, the officer opined, was the presence of abandoned gas pumps on the premises. Individuals would park their cars in this space and loiter around the lot. Officer Horton suggested that the Nassars deny access to the lot after hours by posting "No Trespassing" signs and by chaining off the lot when the store is closed. While the Nassars did post signs on their property, they did not try to restrict access to the lot.

{¶ 13} Public drinking and negative behavior linked to drinking, such as loitering and incidents of public urination, can properly be viewed as substantially interfering with public decency, sobriety, peace, or good order. *3M, Inc. v. Ohio Liquor Control Comm.* (Jan. 25, 2001), Franklin App. No. 00AP–529, 2001 WL 58733, quoting *Maggiore v. Ohio Liquor Control Comm.* (Mar. 29, 1996), Franklin App. No. 95APE06–713, 1996 WL 367268. The city presented considerable evidence that these activities, as well as drug dealing and violent crimes, had occurred on appellant's premises. See, also, *Nijmeh, Inc. v. Ohio Liquor Control Comm.*, Franklin App. No. 03AP–78, 2003-Ohio-4761, 2003 WL 22077792 (evidence of drug dealing, loitering, public intoxication, public urination, and trash on store premises, coupled with numerous phone calls to the police and neighbor opposition, supported finding of store's adverse effect on surrounding area). Therefore, the record reflects reliable, probative, and substantial evidence supporting the division's application of R.C. 4303.292(A)(2)(c) to deny appellant's application.

{¶ 14} Appellant argues that she should not be held responsible for activities outside of her business and outside of her control. However, Ohio courts have not hesitated to affirm a commission's decision denying a liquor permit renewal based on environmental factors, even without any fault of the permit holder.

*Elbireh Empire, Inc. v. Ohio Liquor Control Comm.*, Franklin App. No. 02AP–1124, 2003-Ohio-2484, 2003 WL 21101264, at ¶ 40, quoting *Double Duce, Inc. v. Ohio Liquor Control Comm.* (Sept. 28, 2000), Franklin App. No. 99AP–1284, 2000 WL 1455668; *Nijmeh,* supra (affirming denial of permit renewal even if many of the environmental factors were out of the permit holder's control). Given the evidence of loitering, public urination, drug dealing, and violent crime on the permit premises, the trial court did not abuse its discretion when it found that reliable, probative, and substantial evidence supported a connection between the permit premises and the adverse effects on the surrounding neighborhood. *Marciano* at ¶ 29. Accordingly, R.C. 4303.292(A)(2)(c) supports the division's decision to reject appellant's application.

{¶ 15} We also note that the division relied on additional grounds to reject appellant's application. R.C. 4303.292(A)(1)(b) allows the division to refuse to transfer a liquor permit if the applicant or any partner, member, officer, director, or manager of the applicant "[h]as operated liquor permit businesses in a manner that demonstrates a disregard for the laws, regulations, or local ordinances of this state or any other state." In 2001, shortly after appellant and her husband began operating the store, agents from the Ohio Department of Taxation searched appellant's store after they received a complaint that the store had sold untaxed cigarettes. During the search, they discovered a variety of untaxed tobacco products and also discovered that the store did not have a current cigarette license. As a result, appellant and her husband were charged with a number of crimes, including possession of untaxed tobacco products, possession of cigarettes without stamps, trafficking in cigarettes to avoid tax, intent to avoid payment of tax, and hindering inspection. All of these charges related to the operation of the store involved in these proceedings. This is reliable, probative, and substantial evidence to support the division's finding that appellant and her husband operated their liquor permit business in a manner that demonstrated a disregard for the laws, regulations, or local ordinances of Ohio. Therefore, R.C. 4303.292(A)(1)(b) also supports the division's decision to reject appellant's application.

{¶ 16} Finally, R.C. 4303.292(A)(1)(a) allows the division to refuse to transfer a liquor permit if the applicant or any partner, member, officer, director, or manager of the applicant "[h]as been convicted at any time of a crime that relates to fitness to operate a liquor establishment." Both appellant and her husband, the store's manager, pled guilty to charges arising from the Ohio Department of Taxation's search of their store. Appellant pled guilty to and was convicted of one count of failure to post a license or otherwise comply with the law in violation of R.C. 5743.41. Her husband pled guilty to and was convicted of one count of failure to affix stamps in violation of R.C. 5743.11 and two counts of

failure to keep and maintain records in violation of R.C. 5743.071. These convictions concerned the possession and sale of untaxed tobacco products that occurred at appellant's store while appellant and her husband operated the store. Therefore, the convictions directly relate to their fitness to operate a liquor establishment and are reliable, probative, and substantial evidence to support the division's decision to reject appellant's application based on R.C. 4303.292(A)(1)(a).

{¶ 17} In conclusion, reliable, probative, and substantial evidence supports all of the grounds the division utilized to reject appellant's application. Accordingly, the common pleas court did not abuse its discretion by affirming the commission's order. The judgment of the Franklin County Court of Common Pleas is affirmed.

Judgment affirmed.

BROWN, P.J., and SADLER, J., concur.