[Cite as *Suburban Inn, Inc. v. Ohio Liquor Control Comm.*, 2014-Ohio-4355.]
IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Suburban Inn, Inc., | : | |
| Appellant-Appellant, | : | No. 13AP-811 |
| | | (C.P.C. No. 12CVF-12-14936) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio Liquor Control Commission, | : | |
| Appellee-Appellee. | : | |

D E C I S I O N

Rendered on September 30, 2014

*Maurice A. Thompson*, for appellant.

*Mike DeWine*, Attorney General, and *Paul Kulwinski*, for appellee.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} This is an appeal by appellant, Suburban Inn, Inc. ("Suburban"), from a judgment of the Franklin County Court of Common Pleas affirming an order of appellee, Ohio Liquor Control Commission ("commission"), that affirmed an order of the Ohio Division of Liquor Control ("division") denying Suburban's 2011-2012 renewal application for a liquor permit.

{¶ 2} Suburban operates a place of business located at 15120 Bagley Road, Middleburg Heights, Ohio, and holds a Class D-1-2-3-3A-6 liquor permit issued by the division. Beginning in 2007, the Cuyahoga County Board of Health ("CCBOH"), as designee of the Ohio Department of Health ("ODH"), cited Suburban for violations of Ohio's Smoke-Free Workplace Act ("the Smoke-Free Act"). Specifically, CCBOH cited Suburban for 23 violations of the Smoke-Fee Act between July 9, 2007 and March 16, 2012. By letter mailed September 28, 2011, the division informed Suburban that it was

denying the renewal of its 2011-2012 liquor permit on the basis that Suburban "has operated its liquor permit business in a manner that demonstrates a disregard for the laws, regulations, or local ordinances of this state [pursuant to] R.C. §4303.292(A)(1)(b), Chapter 3794, and O.A.C. Chapter 3701-52."

{¶ 3} Suburban filed an appeal with the commission from the order of the division and the commission conducted a hearing on August 16, 2012. The commission issued an order November 14, 2012 affirming the division's order rejecting the renewal of Suburban's permit on the basis that Suburban had "operated its permit business in a manner that demonstrates a disregard for the laws and regulations of this state pursuant to R.C. 4303.292(A)(1)(b)."[1]

{¶ 4} Suburban filed an appeal with the trial court from the order of the commission and the parties submitted briefs to the court. By decision and entry filed August 26, 2013, the trial court affirmed the order of the commission affirming the division's order rejecting Suburban's 2011-2012 renewal application.

{¶ 5} On appeal, Suburban sets forth the following three assignments of error for this court's review:

> [I.] The court of common pleas erred in concluding that the Ohio Liquor Control Commission, Division of Liquor Control lawfully denied Suburban Inn's 2011-2012 liquor permit renewal application based on violations of the Ohio Smoke Free Workplace Act.
>
> [II.] The court of common pleas erred in concluding that R.C. 4303.292(A)(1)(b) permitted the Ohio Liquor Control Commission, Division of Liquor Control to consider violations of the Ohio Smoke Free Workplace Act in determining whether to approve or deny Suburban Inn's 2011-2012 liquor license renewal application.
>
> [III.] The court of common pleas erred in concluding the order of the Liquor Control Commission rejecting Appellant's 2011-2012 liquor permit renewal application was supported by reliable, probative and substantial evidence and in accordance with law.

---

[1] At the time of the division's order (September 28, 2011), the record indicates that CCBOH had imposed fines on Suburban for 20 violations of the Smoke-Free Act. Subsequent to that order, but prior to the commission's hearing, CCBOH imposed fines on Suburban for three further violations of the Smoke-Free Act (occurring on October 7, 2011, January 23 and March 16, 2012, respectively).

{¶ 6}   Suburban's assignments of error are interrelated and will be considered together.   Under these assignments of error, Suburban asserts the trial court erred in: (1) determining that the commission and division lawfully denied its liquor permit renewal application based on violations of the Smoke-Free Act, (2) holding that R.C. 4303.292(A)(1)(b) permitted the division to consider violations of the Smoke-Free Act, and (3) finding that the order of the commission was supported by reliable, probative, and substantial evidence and was in accordance with law.

{¶ 7}   In an administrative appeal, a trial court may affirm the order of an agency if the court finds, "upon consideration of the entire record and any additional evidence the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 119.12.  In *Gina, Inc. v. Ohio Liquor Control Comm.*, 10th Dist. No. 11AP-107, 2011-Ohio-4927, ¶ 12-13, this court discussed the applicable standards of review for a court of common pleas and an appellate court in considering an administrative appeal, stating in part as follows:

> The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court 'must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.' "  The common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, but "the findings of the agency are by no means conclusive." The common pleas court conducts a de novo review of questions of law, exercising its independent judgment in determining whether the administrative order is "in accordance with law."

> An appellate court's review of an administrative decision is more limited than that of a common pleas court. The appellate court is to determine only whether the common pleas court abused its discretion. Absent an abuse of discretion, a court of appeals may not substitute its judgment for that of an administrative agency or the common pleas court. An appellate court, however, has plenary review of purely legal questions.

(Citations omitted.)

{¶ 8}   In accordance with R.C. 4303.271, "a permit holder is entitled to renew its liquor permit unless good cause exists to reject the renewal application."  *Marciano v.*

*Ohio Liquor Control Comm.,* 10th Dist. No. 02AP-943, 2003-Ohio-2023, ¶ 19.  Pursuant to R.C. 4303.292(A)(1)(b), the division may refuse to renew a liquor permit if the applicant "[h]as operated liquor permit businesses in a manner that demonstrates a disregard for the laws, regulations, or local ordinances of this state or any other state."

{¶ 9}   We first address Suburban's assertion that the trial court misapplied the law in addressing its claim that the division lacked authority to enforce violations of the Smoke-Free Act on behalf of ODH.  According to Suburban, any "disregard for the laws" in this case is punishable only by ODH, the agency vested with enforcement powers over smoking-ban violations.  Suburban further argues the trial court erred in holding that the division and commission can consider violations of a specific punishment statute (i.e., the Smoke-Free Act) to enforce a general punishment statute (R.C. 4303.292).

{¶ 10} While the trial court agreed with Suburban's contention that the division lacked authority to enforce violations of the Smoke-Free Act, the court held that the commission's order, affirming the order of the division rejecting the renewal application, "does not enforce any provision of the [Smoke-Free] Act."  Specifically, the trial court noted that the issue before the commission did not involve a consideration of whether Suburban violated the Smoke-Free Act, as such finding had been previously made by CCBOH.  Rather, the court held, the commission's order "correctly finds that Suburban's failure to comply demonstrates a disregard for the laws of this state."

{¶ 11} Upon review, we find no error with the trial court's determination that neither the division nor the commission has improperly attempted to enforce the Smoke-Free Act.  As recognized by the trial court, "the fact that another agency has enforced the law against a permit holder" is not dispositive as to whether that same conduct "demonstrates a disregard for the law as that term is used in R.C. 4303.292(A)(1)(b)."

{¶ 12} Decisions from this court support the trial court's determination on this issue.  In *Nasser v. Ohio Liquor Control Comm.,* 163 Ohio App.3d 234, 2005-Ohio-4638 (1oth Dist.), agents of the Ohio Department of Taxation searched the appellant-owner's liquor store after receiving a complaint that the owner had sold untaxed cigarettes.  During the search, agents discovered a variety of untaxed tobacco products, and the search also revealed that the store did not have a current cigarette license.  The owner was charged with various offenses as a result of that agency's investigation, and the division

subsequently relied on those findings to reject, pursuant to R.C. 4303.292(A)(1)(b), the appellant-owner's application to transfer ownership of a liquor permit. On appeal, this court held that such evidence constituted "reliable, probative, and substantial evidence to support the division's finding that the appellant and her husband operated their liquor permit business in a manner that demonstrated a disregard for the laws, regulations, or local ordinances of Ohio." *Id.* at ¶ 15.

{¶ 13} In *Douglas v. Ohio Liquor Control Comm.,* 10th Dist. No. 11AP-133, 2012-Ohio-2218, the commission denied a renewal application for a liquor permit where the evidence indicated the public health department had found health and safety violations at the permit holder's establishment. This court, in affirming the trial court's decision upholding the order of the commission, rejected the permit holder's challenge to the commission's finding he had shown a disregard for laws, regulations or local ordinances based on those health code violations.

{¶ 14} In a similar vein, this court has noted that "[t]he fact that the Commission is without authority to arrest or charge a permit holder for a violation of R.C. Chapter 2915 [criminalizing gambling activities] has no bearing on the Commission's authority to sanction the individual's liquor permit for the same violation." *Convenient Food Mart, Inc., No. 392 v. Ohio Liquor Control Comm.,* 10th Dist. No. 10AP-248, 2010-Ohio-4612, ¶ 17. In *Convenient Food Mart,* this court further observed that "[b]ecause possessing a liquor permit is a privilege, which also carries with it great responsibility, the General Assembly has vested the Liquor Control Commission with broad authority to regulate that practice in this State." *Id.* at ¶ 14.

{¶ 15} In the instant case, we agree with the trial court that the proper legal entity (CCBOH) enforced the law against Suburban with respect to violations of the Smoke-Free Act, and the division and commission did not act contrary to law in considering, for purposes of R.C. 4303.292, whether such violations supported a finding that the permit holder had operated its business in a manner demonstrating a disregard for the laws or regulations of this state. Further, Suburban's contention that the trial court erred in holding that violations of a specific statute can be used to enforce a general punishment statute is not persuasive. Such argument is premised upon Suburban's claim, which we

have rejected above, that the division and commission improperly seek to enforce provisions of the Smoke-Free Act.

{¶ 16} Suburban also contends that, even if the division is permitted to deny renewal based upon violations of the Smoke-Free Act, there was a lack of reliable, probative, and substantial evidence to support a finding of repeated violations.  More specifically, Suburban maintains it was improper for the trial court to consider all of the violations submitted as part of the administrative record.  According to Suburban, the only relevant citations regarding the 2011-2012 renewal period involved three violations of the Smoke-Free Act covering a period between October 2010 and September 2011.  Suburban further asserts that the number of violations at issue precluded a finding of good cause to deny renewal of the liquor permit.

{¶ 17} The commission's order, finding that the division presented ample evidence to demonstrate good cause to support the non-renewal of Suburban's permit, states in part:

> [T]he evidence shows that appellant committed 20 violations of the Smoke Free Act on various dates between July 9, 2007 and June 6, 2011. * * * Appellant argues that only three of those violations occurred since appellant's last successful renewal in October 2010, and that all of the other violations that occurred prior to the last renewal cannot now serve as a basis for non-renewal. * * *
>
> However, a close review of the evidence shows that the three violations * * * involved conduct that was found "deemed to be intentional" under R.C. 3794.07(B) * * *.  When viewed in their context, the evidence shows that the three violations were indeed part of a pervasive, ongoing pattern of unlawful conduct concerning an intentional disregard for the Smoke Free Act.
>
> Nevertheless, the Division also presented further evidence that shows that appellant committed three additional violations, all deemed intentional as well, *after* the Division refused to renew appellant's permit in October 2011. * * * The Commission finds that, notwithstanding all of the other prior violations, the evidence demonstrating six intentional violations since appellant's last renewal is more than sufficient to constitute good cause.

> Finally, the evidence shows that appellant has accumulated $76,500 in debt certified to the Ohio Attorney General's Office, combined with interest and costs for a total of $89,891.14 due and owing as of August 15, 2012 * * *.

(Emphasis sic.)

{¶ 18} This court has previously held that "in determining whether 'good cause' exists for its refusal to renew a permit, the department is permitted to consider the cumulative effect of continuing violations." *Tiger Invests. of Columbus, Inc. v. Ohio Liquor Control. Comm.,* 8 Ohio App.3d 316, 317 (10th Dist.1982) (rejecting appellant's claim that only the years 1980 and 1981 should have been considered; rather, police reports from 1978, 1979, and part of 1980, as well as citations from January 1979 to April 1980, constituted reliable, probative, and substantial evidence supporting department's decision). Thus, "past acts may be reviewed in combination with recent violations to show a course or pattern of conduct which was of a continuing nature, and could be considered in its totality by the director and the commission in rejecting an application for renewal of a permit." *Patrick v. Ohio Liquor Control Comm.,* 10th Dist. No. 77AP-246 (July 28, 1977).

{¶ 19} In the instant case, the trial court noted that the county department of health had fined Suburban for violations of the Smoke-Free Act beginning in 2008, and that the permit holder was "subsequently repeatedly cited for such conduct in the ensuing years." Specifically, the evidence indicated Suburban had committed 20 violations at the time it submitted its 2011-2012 renewal application, and three of those violations "had occurred in the time period since Suburban's most recent permit renewal." Further, at the time Suburban applied for its renewal, it had been assessed fines in the amount of $71,600, and had paid only $100 of such assessment. The court also noted that "at least twelve of the violations occurring before September 8, 2011 were deemed intentional and all three violations occurring in the period immediately prior to the renewal application were deemed intentional."

{¶ 20} Here, notwithstanding the fact that the division could have rejected Suburban's renewal application based solely upon the three violations during the renewal period, we find no error by the trial court in finding that the commission could have considered the cumulative effect of past violations "in combination with recent violations

to show a course or pattern of conduct which was of a continuing nature." *Patrick.* In its brief submitted to the trial court, Suburban relied upon two decisions, *In re Mendlowitz,* 9 Ohio App.2d 83 (10th Dist.1967), and *Marwan, Inc. v. Ohio Liquor Control Comm.,* 93 Ohio App.3d 229 (8th Dist.1994), for the proposition that a successful renewal of a permit in prior years constitutes "forgiveness" of transgressions. The trial court, however, properly distinguished those cases, noting that in neither *Mendlowitz* nor *Marwan* did the permit holder have "a single violation of law in the period immediately prior to their renewal application." *See also Keydon Mgt. Co., Inc. v. Ohio Liquor Control Comm.,* 10th Dist. No. 08AP-965, 2009-Ohio-1809, ¶ 11 (distinguishing holding in *Marwan* on basis that, in contrast to facts of *Marwan,* "the testimony concerned a substantial number of legal infractions * * * that occurred over the preceding two years").

{¶ 21} In the instant case, the record before the commission contained evidence that CCBOH had fined Suburban for 23 violations of the Smoke-Free Act during the period between 2008 and 2012. In its order, the commission noted that the most recent six violations, all occurring subsequent to Suburban's last renewal, were each deemed to be "intentional." Based on the evidence presented, the commission found that the three violations during the renewal period "were indeed part of a pervasive, ongoing pattern of unlawful conduct concerning an intentional disregard" for the law. Upon review, we conclude that the trial court did not abuse its discretion in finding that reliable, probative, and substantial evidence supported the order of the commission affirming the denial of the renewal application, and that such order was in accordance with law.

{¶ 22} Based upon the foregoing, Suburban's first, second, and third assignments of error are without merit and are overruled, and the judgment of the Franklin County Court of Common Pleas, affirming the order of the commission that affirmed the order of the division denying Suburban's renewal application, is hereby affirmed.

*Judgment affirmed.*

SADLER, P.J., and TYACK, J., concur.

———————————————